Patrick J. Geile
Foley Freeman PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975

**UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO
SOUTHERN DIVISION**

| | |
|---|---|
| PETER BERKEY-SILVERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| CAPITAL ONE BANK (USA) N.A., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, PETER BERKEY-SILVERS, ("Plaintiff"), by and through his attorney, Patrick J. Geile of Foley Freeman PLLC, files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of CAPITAL ONE BANK (USA) N.A. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claim arises under the laws of the United States.

2. This court has federal question jurisdiction because this case arises out of violations of

1

federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in the Boise, Ada County, Idaho.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing of Boise, Ada County, Idaho.

6. Defendant is a national bank based in McLean, Fairfax County, Virginia.

## FACTUAL ALLEGATIONS

7. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone at xxx-xxx-8652.

8. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on an alleged debt.

9. Defendant calls Plaintiff from 800-955-6600 and 804-934-2001, which are two of Defendant's telephone numbers.

10. None of the calls Defendant made to Plaintiff were for an emergency purpose.

11. On or about April 21, 2017, Plaintiff spoke to one of Defendant's collectors and requested that Defendant stop calling Plaintiff's cellular telephone.

12. Despite Plaintiff's request that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

13. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

14. All of the calls Defendant made to Plaintiff's cellular telephone resulted in Plaintiff

2

incurring a charge for incoming calls.

15. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

16. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked such consent.

17. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

18. On several occasions, Plaintiff has answered calls from Defendant and have been greeted by an automated message.

19. When Plaintiff answered Defendant's calls, he was sometimes greeted with "dead air" whereby no person was on the other end of the line.  After several seconds, an agent was connected to the automated call then greeted Plaintiff and sought to speak with Plaintiff in an attempt to collect an alleged debt.

20. Within four (4) years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

21. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

22. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

23. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

29. The dead air that the Plaintiff experienced on the calls that he received is indicative of the use of an automatic telephone dialing system.  This "dead air" is commonplace with autodialing and/or predictive dialing equipment.  It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated.  Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff.  The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them.  Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

30. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff

harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

> a. Invading Plaintiff's privacy;
> b. Electronically intruding upon Plaintiff's seclusion;
> c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;
> d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and
> e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

31. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, PETER BERKEY-SILVERS, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA) N.A., for the following:

32. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

33. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and request treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

35. Any other relief that this Honorable Court deems appropriate.

DATED: January 19, 2018.

Respectfully submitted,
FOLEY FREEMAN PLLC

By: /s/ Patrick J. Geile
Patrick J. Geile
Foley Freeman PLLC
953 S. Industry Way
P.O. Box 10
Meridian, Idaho 83680
Tel: 208-888-9111
Fax: 208-888-5130
pgeile@foleyfreeman.com
Idaho State Bar No. 6975